**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

| | |
|---|---|
| **PASQUALE LONGORDO,**<br><br>**Plaintiff,**<br>**v.**<br><br>**CBC SETTLEMENT FUNDING, LLC and ASTA FUNDING, INC.,**<br><br>**Defendants.** | **CASE NO.: CZ-**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |
| REX C. ANDERSON (P47068)<br>Rex Anderson, PC<br>Attorney for Plaintiff<br>9459 Lapeer Road, Suite 101<br>Davison, MI 48423<br>(810) 653-3300<br>mied@rexandersonpc.com | |

## COMPLAINT

There is no other pending action or resolved action within the jurisdiction of Oakland County Circuit Court of Michigan between Plaintiff and either Defendant.

## JURISDICTION

1. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227 (b) and (c) of the Telephone Consumer Protection Act ("TCPA").

2. This action arises out of Defendants' violations of the TCPA, the Michigan Home Solicitations Act, MCL 445.111(c)(1)(g), the Telephone Companies as Common Carriers ("TCCCA") , MCL § 484.125 and by its invasion of Plaintiff's privacy by repeatedly calling Plaintiff's cell phone after Plaintiffs repeatedly advised Defendant to stop.

3. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides



EXHIBIT A

here, and Defendant transacts business here.

4. The amount in controversy exceeds twenty-five thousand dollars ($25,000.00) and is otherwise within the jurisdiction of this Honorable Court.

## PARTIES

5. The Plaintiff to this lawsuit is Pasquale Longordo who resides in Oakland County, Michigan.

6. Upon information and belief, Defendant, CBC Settlement Funding, LLC ("CBC") is a Delaware limited liability company with its principal office or place of business in Wilmington Delaware.

7. According to its company website, CBC "is a specialty finance company that works with individuals to unlock the value of their future payments. CBC will provide an upfront payment to you for your structured legal settlement, annuity, pending lawsuit, or other unique assets." See http://www.cbcsettlementfunding.com.

8. CBC does business in Michigan and initiates telephone calls or messages for the purpose of encouraging persons to obtain their services.

9. Upon information and belief, Defendant Asta Funding, LLC ("ASTA") is a Delaware corporation with its principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey.

10. In January 2014, CBC Settlement Funding, LLC ("CBC"), was acquired by Asta Funding, In (Nasdaq:ASFI) (Asta), a financial services receivable asset management and liquidation company. Asta acquired an 80% ownership interest in CBC Settlement Funding, LLC and its affiliate, CBC Management Services, LLC." See http://www.cbcsettlementfunding.com/cbc settlement-funding/.

## FACTUAL ALLEGATIONS

11. In December 2013, Plaintiff began receiving calls to his cellular phone from Defendants.

12. Starting in December 2013, Defendant placed telephone calls to Plaintiff's cellular telephone and left multiple messages on Plaintiff's cellular telephone voice mail.

13. Defendant's harassing calls originated from numbers including, but not limited to (215) 542-2130 and (610) 629-6545.

14. Plaintiff's cellular telephone number was assigned to a cellular telephone service as the phrase is used in the TCPA, 47 U.S.C. 227(b)(1)(A).

15. Upon information and belief, the calls from Defendant to Plaintiff's cellular phone were made using an automatic telephone dialing system ("ATDS") which had the capability to store and dial telephone numbers in a random or sequential order without human intervention as defined by 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), and/or used an artificial or prerecorded voice prohibited by 47 U.S.C. § 227(b)(1)(A).

16. Defendants used prerecorded and artificial messages when placing calls to Plaintiff with its ATDS.

17. Plaintiff believes that Defendants' calls were placed to his cell phone with the use of an Automated Telephone Dialing System (ATDS), because Defendant left artificial and prerecorded voice messages with a high percent of those calls which Plaintiff answered, being abandoned.

18. On these calls Plaintiff heard clicking noises, dead air and experienced delays on his cell phone during the transference of these calls to live collectors.

19. Defendants contacted Plaintiff repeatedly and continuously, and on many occasions sometimes multiple times in a day, even after Plaintiff requested Defendants to stop calling, both verbally and in writing.

20. The telephone number that Defendants used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

21. Defendants used an artificial or prerecorded voice as the phrase is used in the TCPA, 47 U.S.C.

227(b)(1)(A), to leave messages on Plaintiff's cellular telephone voice mail.

22. None of the above-described calls made by Defendants to Plaintiff's cellular telephone were made for emergency purposes as the phrase is used in the TCPA, 47 U.S.C. 227(b)(1)(A).

23. Defendants did not obtain Plaintiff's prior express consent as the phrase is used in the TCPA, 47 U.S.C. 227(b)(1)(A) to make the above-described calls to Plaintiff's cellular telephone.

24. Defendants did not have an established business relationship with Plaintiff as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4) when Defendants made the above-described calls to Plaintiff's cellular telephone.

25. Defendant is not a tax exempt nonprofit organization as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4).

26. On information and belief, when CBC made these calls, it used equipment that has the capacity to autodial, without human intervention, as defined by the TCPA.

27. Each call was initiated by Defendants for the purpose of encouraging a transaction for services and, therefore, each was a "telephone solicitation" as defined in 47 U.S.C. §227(a)(3);

28. Defendants made at least forty-three calls from 215-542-2130, to Plaintiff's cell phone number: 248-971-0609; on at least the following dates and approximate times:

1. **12/23/13 4:42 p.m.**
2. **01/27/14 11:03 a.m.**
3. **01/27/14 11:04 a.m.**
4. **01/27/14 6:01 p.m.**
5. **01/28/14 9:29 a.m.**
6. **01/28/14 9:36 a.m.**
7. **01/29/14 9:55 a.m.**
8. **01/29/14 1:49 p.m.**
9. **01/30/14 10:08 a.m.**
10. **01/30/14 10:09 a.m.**
11. **01/30/14 1:26 p.m.**
12. **01/31/14 2:57 p.m.**
13. **01/31/14 2:59 p.m.**

| | |
|---|---|
| **14. 02/03/14** | **1:49 p.m.** |
| **15. 02/03/14** | **1:50 p.m.** |
| **16. 02/04/14** | **12:47 p.m.** |
| **17. 02/05/14** | **9:46 a.m.** |
| **18. 02/06/14** | **9:31 a.m.** |
| **19. 02/07/14** | **9:23 a.m.** |
| **20. 02/10/14** | **10:05 a.m.** |
| **21. 02/11/14** | **10:12 a.m.** |
| **22. 02/12/14** | **10:29 a.m.** |
| **23. 02/12/14** | **3:06 p.m.** |
| **24. 02/14/14** | **11:21 a.m.** |
| **25. 02/14/14** | **12:49 p.m.** |
| **26. 02/14/14** | **12:51 p.m.** |
| **27. 02/17/14** | **1:57 p.m.** |
| **28. 02/19/14** | **1:44 p.m.** |
| **29. 02/19/14** | **2:49 p.m.** |
| **30. 02/21/14** | **2:12 p.m.** |
| **31. 02/25/14** | **10:07 a.m.** |
| **32. 02/28/14** | **12:50 p.m.** |
| **33. 02/28/14** | **2:31 p.m.** |
| **34. 03/04/14** | **3:19 p.m.** |
| **35. 04/09/14** | **10:02 a.m.** |
| **36. 04/15/14** | **9:33 a.m.** |
| **37. 04/17/14** | **12:42 p.m.** |
| **38. 04/23/14** | **3:13 p.m.** |
| **39. 04/28/14** | **10:26 a.m.** |
| **40. 04/30/14** | **10:53 a.m.** |
| **41. 05/08/14** | **11:17 a.m.** |
| **42. 08/07/14** | **2:19 p.m.** |

29. Defendants made at least one prohibited incoming call from: 610-629-6545, to Plaintiff on at least the following dates and times:

| | |
|---|---|
| **1. 07/16/14** | **11:53 a.m.** |

30. Defendant has registered his cell phone number: 248-840-1234 on the do-not-call (DNC) registry, for the past several years, most recently registering on January 24, 2012. (**See Exhibit 1a**, Do Not Call Registration).

31. Plaintiff has registered his cell phone number: 248-971-0609, on the do-not-call (DNC) registry, for the past several years, most recently registering on January 24, 2012. (**See Exhibit 1b**, Do Not Call Registration).

32. At no time did Plaintiff provide prior express permission for Defendants to call his cell phone number or use equipment that has the capacity to auto dial his cell phone.

33. On January 27, 2014, Plaintiff verbally requested that the Defendants stop calling, in an attempt to stop the calls from Defendants.

34. On January 27, 2014, Plaintiff sent Defendants a letter requesting Defendants to cease and desist calling him.

35. On February 21, 2014 and April 17, 2014, Plaintiff verbally requested that Defendants stop calling him.

36. Despite Plaintiff's registration of his cell phone number on the DNC registry, and the written and verbal requests to cease all calls from Defendants, Defendants continued to place autodialed calls to Plaintiff.

37. Plaintiff seeks damages for each and every call to his phone and for all damages which he is entitled to under the TCPA.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b) (Cell phone Prohibitions)

38. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

39. On information and belief, Defendants used an automatic telephone dialing system as defined by 47 USC § 227 (a)(1) and/or used an artificial or prerecorded voice prohibited by 47 U.S.C. §227(b)(1)(A) when it made each and every call to Plaintiff's cell phone in the last four years.

40. Defendants did not have Plaintiff's prior express permission prior to contact Plaintiff on his cell

phone using an automatic telephone dialing system or an artificial or pre-recorded voice.

41. Defendants made the calls to Plaintiff willfully.

42. Defendants made the calls to Plaintiff knowingly.

43. Defendants' acts in making the calls to Plaintiff were not accidental.

44. Plaintiff has been damaged by the above acts.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(c) (Do Not Call (DNC) Prohibitions)

45. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

46. Defendants continued to make solicitation calls to Plaintiff, after Plaintiff requested the Defendants to stop calling him.

47. Defendants' calls were willful and knowing, as Plaintiff sent a Cease & Desist Letter to Defendant which clearly and conspicuously demanded Defendant stop calling him on his cell phone.

48. Defendants' telephone calls to Plaintiff were for the purpose of solicitation.

49. Defendants made these telephone solicitations despite Plaintiff's number having been registered on the National "Do Not Call List."

50. Defendants failed to place Plaintiff's telephone number on its company do-not-call-list, despite Plaintiff's repeated requests.

51. On information and belief, Defendants fail to properly maintain or train its personnel how to maintain with the FCC rules and regulations.

52. After receipt of cease and desist requests, Defendants continued to make the calls to Plaintiff.

53. Defendants made the calls to Plaintiff willfully.

54. Defendants made the calls to Plaintiff knowingly.

55. Defendants' acts in making the calls to Plaintiff were not accidental.

56. Plaintiff has been damaged by the above acts.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants.

**COUNT III**
**INJUNCTIVE RELIEF**
**47 U.S.C. § 227**

57. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

58. Plaintiff requests that this Court grant it injunctive relief preventing Defendants, their agents, employees, representatives or their successors and assigns from taking any action contrary to or in violation of any part of the TCPA 47 U.S.C. § 227 pursuant to 47 U.S.C. § 227 (b)(3)(A) and (c).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants.

**COUNT IV**
**VIOLATIONS OF THE MICHIGAN HOME SOLICITATIONS ACT**
**MCL 445.111 et. seq.**

59. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

60. As set forth above, Defendants made telephone calls to Plaintiff.

61. Defendants' telephone calls to Plaintiff were for the purpose of solicitation.

62. Defendants made these telephone solicitations despite Plaintiff's number having been registered on the National "Do Not Call List."

63. Defendants made these telephone solicitations despite Plaintiff explicit request to stop calling.

64. Plaintiff has been damaged by the above acts.

**COUNT V**
**VIOLATIONS OF THE TELEPHONE COMPANIES AS COMMON CARRIERS ACT MCL § 484.125**

65. Plaintiff is a "Subscriber" as the term is defined or used under Section 25 of the act regulating the Telephone Companies as Common Carriers ("TCCCA") , MCL § 484.125.

66. Defendant is a "Caller" as the term is defined or used under Section 25 of the TCCCA.

67. Defendant used a telephone line to contact Plaintiff with the intention to deliver a recorded message for the purpose of presenting commercial advertising to the Plaintiff.

68. Defendant in fact did deliver a recorded message for the purpose of presenting commercial advertising to the Plaintiff on Plaintiff's telephone service.

69. At no time did Plaintiff request, consent, permit, or authorize the contact from the Defendant.

70. At no time did Plaintiff knowingly and voluntarily provide his telephone number to the Defendant.

71. The purpose of Defendant's call(s) to Plaintiff were not for advising Plaintiff concerning merchandise or goods or services previously ordered.

72. Upon information and belief, Defendant's calls to Plaintiff were made with the use of automated dialing, push button, or tone activated devices which operate sequentially or are otherwise unable to avoid contacting subscribers who have not authorized the contact as provided in subsection (2) of the TCCCA and is therefore prima facie evidence of an intention to violate this act.

73. Plaintiff has been damaged as a result of Defendant's violations of the TCCCA.

## REQUEST FOR RELIEF

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(3)(B)

- Damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly;

- Damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of $1,500 for each such act that this Court finds were made willfully <u>or</u> were made knowingly; and
- Such other relief as the Court may deem just and proper.

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §227(c)(5)**

- Damages pursuant to 47 U.S.C. § 227 (c)(5) for each and every failure to abide by the do-not-call-list requirements in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly;
- Damages pursuant to 47 U.S.C. § 227 (c)(5) for each and every failure to abide by the do-not-call-list requirements in the amount of $1,500 for each such act that this Court finds were made willfully <u>or</u> were made knowingly; and
- Such other relief as the Court may deem just and proper.

**COUNT III**
**INJUNCTIVE RELIEF**
**47 U.S.C. §227(b)(3)(A)**

- An order granting Plaintiff injunctive relief preventing Defendants, their agents, employees, representatives or their successors and assigns from taking any action contrary to or in violation of any part of the TCPA 47 U.S.C. § 227.
- Such other relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATIONS OF THE MICHIGAN HOME SOLICITATIONS ACT**
**MCL 445.111 et. seq.**

- Damages pursuant to MCL 445.111(c)(1)(g).
- Reasonable attorney fees.
- Such other relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATIONS OF THE TELEPHONE COMPANIES AS COMMON CARRIERS ACT**
**MCL § 484.125(5)**

- for an award of damages pursuant to MCL § 484.125(5) in the amount of $1,000.00 for each and every call in violation of the TCCCA against each and every Defendant; and
- for an award of attorneys' fees pursuant to MCL 484.125(5) against each and every Defendant; and
- such other relief as the Court may deem just and proper.

Dated: October 10, 2014

Respectfully submitted,

/s/ Rex C. Anderson
Rex C. Anderson, Esq. (P47068)
Attorney for Plaintiff
9459 Lapeer Road
Davison, MI 48423
Telephone: (810)653-3300
rex@rexandersonpc.net






**Rex Anderson <rex@rexandersonpc.net>**

## FW: National Do Not Call Registry - Your Registration Is Confirmed

**pasquale longordo** <longordop@hotmail.com> Tue, Jun 12, 2012 at 5:15 PM
To: rex <rex@rexandersonpc.net>, andrew campbell <michiganbk@gmail.com>

here you go! its below

---

From: Verify@DonotCall.gov
To: longordop@hotmail.com
Date: Tue, 12 Jun 2012 17:14:28 -0400
Subject: National Do Not Call Registry - Your Registration Is Confirmed

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1234 on January 25, 2012. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

****************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.




# National Do Not Call Registry - Your Registration Is Confirmed

From: **Verify@DonotCall.gov**
Sent: Mon 6/25/12 4:53 PM
To: longordop@hotmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 0609 on January 25, 2012. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

******************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.



PLAINTIFF'S EXHIBIT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN )
) ss
COUNTY OF OAKLAND )

Plaintiff **Pasquale Longordo**, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.
8. I declare under penalty of perjury that the foregoing is true and correct.

______________________
**Pasquale Longordo**

______________________
**Witness signature**

10-09-2014
**Date**

**Print Witness Name** Daryl K. Smith

**Witness Telephone Number** [redacted]

Subscribed and sworn to before me on this the ______ day of ______________, 2014.

______________________
______________________ Notary Public
______________________ County, MI

My Comm. expires ______________